(No. 14440.—Decree affirmed; No. 14565.—Writ denied.)
JOHN REICHERT, Exr. Plaintiff in Error, *vs.* CHARLES L. SAGE *et al.* Defendants in Error.—THE PEOPLE *ex rel.* John Reichert, Exr. Petitioner, *vs.* DENIS E. SULLIVAN, Judge, Respondent.

*Opinion filed June 21, 1922—Rehearing denied October 6, 1922.*

1. DEEDS—*when deed will not be set aside for fraud.* An option contract, and a deed made pursuant thereto for an adequate consideration, will not be set aside for fraud and misrepresentation where the evidence for the complainants merely tends to show that the grantors became dissatisfied with their trade because the property had increased in value, the evidence for the defendant showing that the deed was executed on the day of its date, that the signatures were regularly acknowledged before a notary and that the delivery was complete.

2. MANDAMUS—*when writ will not be allowed to compel chancellor to amend bill of exceptions.* As a writ of *mandamus* will not be awarded to compel the doing of a useless thing the writ will not be allowed to compel a chancellor to amend a bill of exceptions so as to include a conversation between the court and the counsel, where said conversation was merely a dialogue regarding the state of the record at a certain point in the hearing, which was wholly immaterial to the review, and where no ruling was requested by counsel or made by the court.

FARMER, J., dissenting.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.—Original petition for *mandamus* in aid.

TRAINOR & TRAINOR, for plaintiff in error.

CHARLES L. BARTLETT, HERBERT W. BECKER, ABBOTT, HOOD & SMITH, and BUSCH, LEESMAN & ROEMER, for defendants in error.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

Carolina Starke became the owner of an acre of land improved with a house, barn and other buildings, located in

the city of Chicago Heights, by a deed from her parents made in 1878, since which time she has occupied the premises as a homestead. July 11, 1917, she gave to Charles L. Sage an option to purchase the property for $8500. Sage was a real estate broker and took the option with a view to finding a purchaser. The best offer he received was $7500, and this offer he submitted to Carolina Starke and her husband, Paul Starke. They asked him to return to the prospective purchaser and try to secure $8000. For this service they agreed to pay him five per cent commission if the sale was made. Sage then proposed that he would buy the property for $7500 and charge no commission, and to this proposal the Starkes agreed. A new option contract was drawn March 2, 1918, giving Sage the right to purchase the property for $7500, $100 of which was paid at the time the option contract was executed, and the balance to be paid $400 on or before September 1, 1918, and $7000 on or before March 1, 1919. This contract was signed by the Starkes, Paul Starke writing both names and Carolina Starke making her mark. The $400 payment was made in September, and a $1000 payment was made in November with war savings stamps and cash. In the meantime the Starkes had by their warranty deed dated October 24, 1918, conveyed to Sage the property in question. This deed was recorded in the office of the recorder of deeds of Cook county November 7, 1918. March 1, 1919, Sage and others, who had organized a syndicate to develop this and other property, gave the Starkes their note for $6000, payable one year after date. August 5, 1919, $3500 was paid on this note, and two days later the Starkes loaned this $3500 to one Hale for sixty days. Before this note became due the Starkes became dissatisfied with their trade and when the note was paid at the bank they refused to receive the $3500. The money was thereupon deposited with the First State Bank of Chicago Heights to the credit of the Starkes. October 27, 1919, the balance of $2500

was paid on the $6000 note, and the Starkes having refused to receive this amount it was likewise deposited to their credit. October 23, 1919, Sage conveyed the premises to the Chicago Title and Trust Company as trustee for the persons interested in the syndicate. This deed was recorded six days later. December 5, 1919, Carolina Starke filed her bill to cancel the option contracts and the deeds and to quiet the title to the premises in her. All parties defendant answered the bill, and the cause was heard before the chancellor on the bill and answers as subsequently amended. Prior to the hearing both Starkes died,—Paul on March 1, 1920, and Carolina on February 20, 1921. By her last will Carolina devised to her brother, John Reichert, as her executor, the real estate in question, with direction to sell the same and distribute the proceeds in accordance with other items of her will. April 9, 1921, her death was suggested and her executor was substituted as complainant. After hearing the evidence and arguments of counsel the chancellor found the issues for the defendants and dismissed the bill for want of equity. This writ of error is prosecuted to review that decree.

Plaintiff in error contends that a fiduciary relation existed between the Starkes and Sage; that the Starkes were weak in mind and body and unable to properly protect their interests; that the option contract was obtained by fraud and misrepresentation; that the deed to Sage was not delivered and that the consideration expressed in the deed has never been paid. The bill attempts to present these issues to the court, and, granting that all of them are properly presented, we fail to find any evidence supporting any of the contentions. All that the evidence shows is that Carolina Starke was uneducated and that she could not read or write; that Paul Starke was a painter, and for four or five years before his death suffered from lead poisoning and the excessive use of intoxicating liquors; and that after this sale was made property values increased rapidly in Chi-

cago Heights and they became dissatisfied with the trade and wanted the property re-conveyed to them.

Plaintiff in error relies almost wholly upon the testimony of one witness, a stenographer in the office of counsel for plaintiff in error, in order to show that the contract and deed were obtained by fraud and false representations. She relates a conversation which she states she overheard in the home of the Starkes in the afternoon of October 3, 1919. According to her testimony she was in the Starke home talking with Mrs. Starke regarding this case when Sage came to the door. She stepped into the dining room and Sage was admitted to the kitchen. Sage did not know that she was in the house. He told Mrs. Starke that he had come to pay her the $3500 due on the Hale note, but Mrs. Starke claimed that she knew nothing about having made such a loan. Sage then told her that the money she had loaned was the money he had paid her on the property after she gave him the deed, and she then denied having made a deed. She claimed that the only instrument she had acknowledged was an affidavit to show that Carolina Starke and Carolina Reichert were one and the same person. They talked for a considerable time regarding the trade, and finally Mrs. Starke said that people were telling her she was selling the property too cheaply, and that if he had paid them $10,000 for the property, as they wanted him to do two or three years before, there would not have been any trouble about it. She finally acknowledged that she remembered something about the loan and remembered receiving $25 commission for making it, but she insisted that she would not take the money and sent Sage to her attorney. She said that she did not want the money and that she wanted to keep her property. Granting that this conversation took place as it is related, it does not prove that the contract was obtained by fraud, that the deed was not delivered or that the consideration has not been paid. If it proves anything, it tends to corroborate the evidence of

defendants in error that the contract and deed were executed freely and voluntarily, and that the Starkes later became dissatisfied with their trade and wanted to get more money for the property or have the property returned to them.

There is considerable evidence in the record regarding the value of this property, but the weight of the evidence shows that it was not worth more than $8500 at the time the sale was made. There is no evidence in the record to show that any statement made to the Starkes by Sage or anyone else was false or that any undue advantage was taken of them in any way. The evidence shows conclusively that the deed from the Starkes to Sage was executed on the day of its date, that Carolina Starke's mark was witnessed by the cashier of the First State Bank, that the signatures were regularly acknowledged before a notary public, and that the deed was then delivered by the Starkes to Sage. The finding of the chancellor is fully sustained by the record.

After the decree was entered counsel for plaintiff in error ordered the court reporter to prepare a certificate of evidence and directed him to omit from the certificate all argument of counsel. The certificate of evidence was presented and signed at the November term. At the December term plaintiff in error sought to amend the original certificate of evidence by having inserted therein a number of pages showing a conversation between the court and counsel for plaintiff in error. The chancellor refused to insert these pages in the certificate of evidence, and plaintiff in error has filed in this court an original petition for a writ of *mandamus* asking this court to direct the superior court to amend the certificate of evidence. We have consolidated this proceeding with the principal case. Examination of the matter which it is sought to compel the superior court to insert in the certificate of evidence shows that it is nothing but a dialogue between court and counsel regarding the state of the record at that particular point in the hearing,

that there was no ruling requested by counsel or made by the court during this conversation, and that all of the matter is wholly immaterial and of no value whatever in this hearing. The chancellor properly refused to incorporate this matter in the bill of exceptions. Inasmuch as a writ of *mandamus* will not be awarded to compel the doing of a useless thing, the demurrer of defendants in error is sustained and the writ is denied.

The decree of the superior court of Cook county is affirmed.

*Writ denied; decree affirmed.*

Mr. JUSTICE FARMER, dissenting.